**UNITED STATES of America, Plaintiff,**

v.

**Edward RUDD, Mary Rudd, Edward Rudd, Trustee, and Mary Rudd, Trustee, Defendants.**

**No. 1:03 CV 0934.**

United States District Court, M.D. North Carolina.

Aug. 24, 2004.

Dara B. Oliphant, Washington, DC, for Plaintiff.

Edward Rudd, Greensboro, NC, pro se.

Mary Rudd, Greensboro, NC, pro se.

### MEMORANDUM OPINION

TILLEY, District Judge.

The United States of America filed this action pursuant to 26 U.S.C. § 7405, seeking to collect an erroneous tax refund issued to the Defendants. This matter is currently before the Court on Plaintiff's Motion for Summary Judgment [Doc. # 5]. For the reasons set forth below, Plaintiff's Motion will be GRANTED.

### I.

The facts, in the light most favorable to the Defendants, are as follows: On or about January 19, 1999, Defendants Edward and Mary Rudd submitted a Form 1041, U.S. Income Tax Return for Estates and Trust, for the 1997 tax year. The

return was completed in the name of the "Edward & Mary Rudd Trust" ("the Trust"), and listed the Rudds as trustees. The Rudds reported negative taxable income on their return, and claimed that the Trust was entitled to a refund in the amount of $69,958.[1] On March 1, 1999, the Internal Revenue Service issued the Rudds and/or the Trust a refund in that amount.

The United States brought this action on October 7, 2003, alleging that the tax refund was in error and seeking recovery from the Trust and/or the Rudds individually. In essence, the United States claims that the Rudds improperly represented their personal income as trust income on a tax return form intended for use by trusts. The United States contends that the Rudds made this misrepresentation in an effort to claim tax credits to which they would not be entitled on an individual tax return form. The United States seeks to recover both the erroneous refund of $69,958.00 and interest on the refund, which was approximately $28,731.40 as of March 5, 2004. The Rudds deny that they were aware of any error in their tax return, deny that a refund originally approved and issued by the Internal Revenue Service could be erroneous, and deny that they are subject to this Court's jurisdiction because they have recently expatriated.

## II.

Summary judgment is appropriately granted against a party when that party has the burden of proof on a particular claim and is unable to make a showing—by pleadings, affidavits, deposition testimony, answers to interrogatories, or admissions on file—of specific facts which would be (1) admissible at trial and (2) sufficient to support a jury verdict on each element of

that claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering the motion, the court must consider the evidence and reasonable inferences to be drawn from the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 597–98, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If factual issues clearly exist "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. If there can be but one reasonable interpretation of the facts relating to a claim, summary judgment is appropriate as to that claim with the matter determined as one of law.

Summary judgment is appropriately granted in favor of a party with the burden of proof on a claim (1) when the party has properly made a showing of specific facts which would be (a) admissible at trial and (b) sufficient to support a jury finding on each element of the claim and (2) when the adverse party has failed to make a showing—by affidavit, deposition testimony, answers to interrogatories, or admissions on file—of at least one factual issue that is (a) necessary to the determination of the claim and which (b) could reasonably be resolved in favor of either party and (3) the law applied to the undisputed, material facts would require judgment in favor of the party with the burden of proof.

## III.

The Rudds first argue that this Court lacks jurisdiction over them because of their recent expatriation. In separate documents, both entitled "Affidavit: Pri-

---

1. This amount represents taxes which had been withheld over a period of years, and not solely the 1997 tax year. (Answer ¶¶ 11–14.)

vate Notice of Declaration of Independence" and dated May 21, 2004, Mr. and Mrs. Rudd refused all benefits from "the United States and its instrumentalities," objected to the Fourteenth Amendment, declared themselves to be "non-juristic stranger[s] to the public trust," and severed all political ties with both the United States and the State of North Carolina. The Rudds preserved, however, all "constitutionally protected unalienable Rights" and the right to contract.

Despite recent attempts by the Defendants to expatriate and avoid this Court's jurisdiction, Congress has given this Court jurisdiction over the case at bar. First, federal district courts have jurisdiction over all civil actions brought by the United States, unless an act of Congress provides otherwise. 28 U.S.C. § 1345. In addition, Congress has given district courts jurisdiction over the enforcement of internal revenue laws. 26 U.S.C. § 7402. The internal revenue law at issue in the instant case is the law authorizing the United States to bring civil suits for the recovery of erroneous tax refunds.[2] *See* 26 U.S.C. § 7405.

The effect of the expatriation documents completed by the Rudds is not relevant to the case at bar. Regardless of the effect of the Rudds' attempted expatriation on future tax years, there is no evidence that Mr. and Mrs. Rudd had effectively expatriated as of the tax year 1997, the date of the disputed refund, or the date of the institution of this action. Because this Court has jurisdiction over civil actions brought by the United States and has jurisdiction over cases brought to recover erroneous tax refunds, jurisdiction is proper in the instant case.

## IV.

As to the merits of the summary judgment motion, the United States has put forth evidence tending to show that the Rudds received a tax refund in the amount of $69,958, that this refund was erroneous, and that interest continues to accrue on this erroneous refund. This production of evidence shifts the burden to the Defendants to produce evidence which demonstrates that there is a genuine issue of material fact. Fed.R.Civ.P. 56(e).

The Rudds have not provided affidavits or otherwise "set forth specific facts showing that there is a genuine issue for trial" as required by the Federal Rules of Civil Procedure. *Id.* Specifically, they have not provided any evidence which would support a finding that either they did not receive the refund in question, or that the refund was not in error. Instead, the Rudds have argued only that they did not know of any error in their tax return, that the United States should have properly investigated the tax return before issuing any refund, and that the Rudds are not subject to this Court's jurisdiction due to their recent expatriation. Accordingly, there is no genuine issue of material fact as to whether the Rudds received an erroneous tax refund, and the United States' Motion for Summary Judgment will be GRANTED.

## JUDGMENT

For the reasons set forth in a contemporaneously filed Memorandum Opinion, Plaintiff's Motion for Summary Judgment [Doc. # 5] is GRANTED.

---

**2.** Interest accrues on the erroneous refunds, and may also be collected by the United States. 26 U.S.C. § 6602.